LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28343

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I



STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARK CHAR, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 03-1-2555)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, and Ginoza, JJ.)

Defendant-Appellant Mark Char (Char) was convicted
after a jury trial of negligent injury in the first degree, in
violation of Hawaii Revised Statutes (HRS) § 707-705 (1993).[1]
He was sentenced by the Circuit Court of the First Circuit
(circuit court)[2] to three years of probation. Char appeals from
the circuit court's "Judgment of Conviction and Probation
Sentence" (Judgment).

On appeal, Char argues that 1) the circuit court erred
in refusing to permit him to cross-examine Gabriel Aio, Jr.,
(Aio), the prosecution's crucial eye-witness, with evidence
proffered by Char regarding Aio's bias and motive to favor the
prosecution; and 2) Char did not voluntarily, knowingly, and
intelligently waive his right to testify.[3]

We conclude that the circuit court erred in precluding
Char from cross-examining Aio with the proffered evidence

---

[1] HRS § 707-705 states in relevant part:

>    (1) A person is guilty of the offense of negligent injury in
> the first degree if that person causes serious bodily injury to
> another person by the operation of a motor vehicle in a negligent
> manner.

[2] The Honorable Karl K. Sakamoto presided.

[3] We construe Char's contention that the circuit court erred in denying
his motion for new trial on these grounds as encompassing the underlying
claims that the circuit court erred in precluding Char from cross-examining
Aio with the proffered evidence regarding bias and motive and that Char did
not validly waive his right to testify.

regarding Aio's bias and motive to favor the prosecution. Accordingly, we vacate Char's conviction and remand the case for a new trial. In light of our decision, we need not address Char's claim that he did not validly waive his right to testify.

I.

The record indicates the following. Prior to trial, Char filed "Defendant's Motion For Preliminary Ruling on Permissible Cross-Examination of Motive and Bias of Gabriel Aio, Jr." Char proffered that Aio had criminal charges pending against him in the circuit court at the time Aio allegedly witnessed the motor vehicle accident (the accident) that formed the basis for Char's prosecution; that Aio did not immediately stop at the scene of the accident but drove on another mile before turning around; that Aio pleaded no contest to first degree terroristic threatening, a felony, and was found "guilty"[4] of second degree unlawful imprisonment, both charges for which he was granted a deferred acceptance of no contest plea; and that Aio told a defense investigator that the charges pending against him were "heavy on his mind" at the time he saw the accident. Char asserted that he wanted to cross-examine Aio about Aio's criminal charges to show Aio's possible motive and bias and that Aio viewed the accident "as an opportunity to help [Aio's] unfortunate situation." The circuit court denied Char's motion.

The record further indicates the following sequence of events regarding the interplay between Aio's cooperation with the police and prosecution and the resolution of Aio's criminal charges. About two months prior to the accident, Aio was charged by complaint in the circuit court with the felony offense of first degree terrorristic threatening and two misdemeanor offenses of first degree unlawful imprisonment and abuse of a family or household member. After allegedly witnessing the

---

[4] The exhibits attached to Char's motion reflect that Aio pleaded no contest to the unlawful imprisonment charge.

accident, Aio drove past the scene but turned around at a 7-Eleven store, where there was also a police substation, returned to the scene, and on the same day gave a statement to the police. About a month after the accident, Char was charged with attempted murder, and Aio testified at Char's preliminary hearing.[5] About two months after the accident, Aio pleaded no contest to second degree unlawful imprisonment, and about three months after the accident, Aio pleaded no contest to first degree terrorristic threatening.

About eight months after the accident, Aio was sentenced and his motion for deferred acceptance of no contest plea was granted. The circuit court imposed a deferral period of five years for the first degree terroristic threatening charge and a concurrent one-year deferral period for the unlawful imprisonment charge. About two weeks after Aio was sentenced, he testified before the grand jury, apparently in support of the indictment for first degree negligent injury returned against Char. About a year after testifying in the grand jury, Aio testified as a prosecution witness at Char's trial. When Aio testified at trial, he was still subject to the five-year deferral period imposed on his deferred acceptance of no contest plea on the first degree terroristic threatening charge. Aio's criminal case was handled by the same prosecutor's office and was brought in the same circuit court as Char's criminal case.

## II.

Under Hawaii Rules of Evidence (HRE) Rule 609.1(a) (1993), "[t]he credibility of a witness may be attacked by evidence of bias, interest or motive." In State v. Estrada, 69 Haw. 204, 220, 738 P.2d 812, 823 (1987), the Hawai'i Supreme Court stated that "[b]ias, interest, or motive is always relevant under HRE Rule 609.1."

Aio had criminal charges pending against him at the time he first made a statement to the police regarding the

---

[5] The attempted murder charge was subsequently dismissed.

accident; Aio pleaded no contest and was sentenced while cooperating with the prosecution and testifying in pretrial proceedings in Char's criminal case; and Aio was still subject to his deferral period when he testified for the prosecution at Char's trial. Aio was the prosecution's key witness. He was the only witness who testified to having an unobstructed view and a recollection of how the accident happened, and the prosecution accordingly relied upon Aio's testimony to prove that Char had operated his truck in a negligent manner in causing serious bodily injury to a motorcycle rider. Thus, Aio's credibility was crucial to the outcome of the trial.

Under the particular circumstances of this case, we conclude that the circuit court erred in precluding Char from cross-examining Aio about Aio's criminal charges to show Aio's bias and motive to favor the prosecution. See State v. Sabog, 108 Hawai'i 102, 111-12, 117 P.3d 834, 843-44 (App. 2005); Davis v. Alaska, 415 U.S. 308, 315-20 (1974); State v. Balisbisana, 83 Hawai'i 109, 113-17, 924 P.2d 1215, 1219-23 (1996); HRE Rules 401, 402, and 403 (1993). We further conclude that the circuit court's error in precluding such cross-examination was not harmless beyond a reasonable doubt.

III.

For the foregoing reasons, we vacate the circuit court's Judgment that was entered on December 6, 2006, and we remand the case for a new trial and for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, July 30, 2010.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge